UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-MJ-08341-WM

UNITED STATES OF AMERICA

v.

EDDIE CARROLL

              Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?  ___ Yes ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  ___ Yes ✓ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  ___ Yes ✓ No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

BY: _____
A. Marie Villafaña
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0018255
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 820-8711
Fax: (561) 820-8777
Email: ann.marie.villafana@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
для the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| | ) Case No. 21-MJ-08341-WM |
| EDDIE CARROLL | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 31, 2021__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8 U.S.C. 1324(a) | Attempting to Illegally Bring Aliens into the United States |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Daniel Richichi, HSI
*Printed name and title*

Sworn and Attested to me by Applicant by Telephone (FaceTime) pursuant to Fed. R. Crim. P. 4(d) and 4.1

Date: __September 2, 2021__

_____
*Judge's signature*

City and state: __West Palm Beach, FL__      William Matthewman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

Your affiant, Daniel Richichi, first being duly sworn, dose hereby depose and state the following:

1.  I am employed as a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI) and have been so employed since December 2008. During that time, I have received training through the HSI training program at Glynco, Georgia, and I have conducted numerous investigations pertaining to the maritime smuggling of narcotics, bulk cash, and humans into the United States. Before joining HSI, I was an Officer with the DHS, U.S. Customs and Border Protection, for approximately five and a half years.

2.  As a Special Agent with HSI, I have received extensive instruction in the investigation of the maritime smuggling of humans, bulk cash, and narcotics. During my tenure with HSI, I have personally and significantly participated in over one-hundred prior smuggling-related investigations concerning violations of Title 18, United States Code, Section 1324(a), Title 31, United States Code, Section 5332, and Title 21, United States Code, Section 952 respectively. I have personally participated in approximately two-hundred arrests of individuals for smuggling violations and have participated in the debriefings and interviews of hundreds of persons to include human smugglers, bulk cash smugglers, drug smugglers, and informants, who by their own admission have been involved in those illegal activities, concerning the methods and practices of maritime smugglers. On the basis of the foregoing, I have become very familiar with the ways, manners and means by which maritime smugglers conduct their illegal activities, the smuggling routes and concealment methods used by drug and human smugglers, and the unique patterns employed by these illegal smuggling individuals and organizations. Additionally, I have been certified by U.S. Customs and Border Protection, Air & Marine Operations as a maritime

interdiction crewmember and have participated in the maritime interdictions of vessels on over one dozen prior occasions.

3. The facts set forth in this affidavit are based on my personal knowledge; information obtained in this investigation from others, including other law enforcement officers; my review of documents, pictures of computer records related to this investigation; and information gained through training and experience. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support a Criminal Complaint, I have not included each and every fact known to me and law enforcement concerning this investigation, but have set forth those facts necessary to establish probable cause to believe that on or about August 31, 2021, Eddie CARROLL, a citizen and national of the Bahamas, committed the crime of Attempting to Illegally Bring Aliens into the United States, in violation of Title 8, United States Code, Section 1324(a)(1).

## PROBABLE CAUSE

4. On August 31, 2021, at approximately 1:13 am, the U.S. Coast Guard (USCG) began tracking a small vessel target of interest (TOI) traveling westbound toward the Florida Coast. USCG indicated that they were tracking the TOI on radar and that the USCG Cutter Flying Fish was observing the vessel through Forward Looking Infrared Technology (FLIR), and that the vessel was traveling with no navigation lights. The TOI became dead in the water, and shortly thereafter, a USCG patrol vessel arrived on scene and encountered the TOI, which was described as a white, unlit, 20-foot pleasure craft with a single outboard engine, approximately 3 miles south of the Lake Worth Inlet and approximately 100 yards offshore.

5. The USCG boarding officer observed eight suspected adults and two infants onboard the TOI. The boarding officer observed a male, identified as Bahamian citizen Eddie

2

CARROLL, adjacent to the TOI's console. A USCG officer questioned CARROLL about who was operating the vessel and CARROLL stated that the captain had jumped overboard. The USCG boarding officer further questioned CARROLL, to determine if they needed to conduct search and rescue operations for the person that was alleged to have jumped overboard. CARROLL then stated "I'm sorry I lied; I was scared. I was the driver". CARROLL and the migrants were subsequently transferred to the USCG Cutter Flying Fish.

6. On September 1, 2021, at approximately 11:00 am, a Regional Concurrence Team call was convened between the DHS partners, and it was determined that one of the Haitian males, "I.S.", and Eddie CARROLL would be brought ashore for investigation by Homeland Security Investigations. "I.S." and CARROLL were transported to the USCG Station Lake Worth Inlet, located within the Southern District of Florida, and relinquished to the custody of the U.S. Border Patrol, Riviera Beach, Florida for administrative processing.

7. The following individuals were encountered on the vessel:

    a. Eddie CARROLL – an adult male citizen of the Bahamas

    b. "I.S." – an adult male citizen of Haiti

    c. "D.D." – an adult male citizen of Haiti

    d. "P.P." – an adult male citizen of Haiti

    e. "N.M." – an adult female citizen of Haiti

    f. "M.B." – an adult female citizen of Haiti

    g. "R.E." – an adult female citizen of Haiti

    h. Unaccompanied male juvenile minor

    i. Accompanied male infant

    j. Accompanied female infant

8. At approximately 2:00 pm, HSI agents interviewed CARROLL at the U.S. Border Patrol Station located in Riviera Beach, Florida. CARROLL, a citizen of the Bahamas, was able to read, write and speak the English language with no communication barriers. Prior to beginning the recorded interview, agents read CARROLL his *Miranda* warnings via a pre-printed form. Agents asked CARROLL if he understood his rights and he acknowledged in the affirmative. CARROLL waived his rights in writing and elected to speak with the interviewing agents. CARROLL stated the following:

    a. CARROLL stated that on August 30, 2021, at approximately 9:00 pm, he traveled to Eight Mile Rock, an area on the west end of Grand Bahama Island where the boat was waiting on the beach. CARROLL stated that the migrants arrived at the boat separately at approximately the same time as he did.

    b. CARROLL stated he was provided a handheld GPS which had the coordinates pre-set to where he was to operate the vessel to.

    c. CARROLL stated that he was paid $1,000.00 in Bahamian currency and was going to be paid $6,000.00 upon his return for smuggling the migrants to the U.S.

    d. CARROLL stated that he alone operated the vessel, utilized the GPS to navigate, and refueled the vessel with 3, 25-gallon fuel tanks, during the voyage.

    e. CARROLL stated that he knew the migrants did not have permission to come to the United States. Furthermore, CARROLL acknowledged that he knew that bringing the migrants to the United States was illegal.

    f. CARROLL stated that upon approaching the shore, the vessel ran out of gas and became inoperable and that shortly thereafter the U.S. Coast Guard encountered them.

g. CARROLL stated that he initially told the USCG officers that the captain of the vessel had jumped overboard which was a lie, and he then changed his story and admitted to being the captain of the vessel.

## CONCLUSION

9. WHEREFORE, on the basis of the foregoing, your affiant respectfully submits that probable cause exists to believe that Eddie CARROLL, knowing that the persons described above were aliens, did attempt to bring those persons to the United States at a place other than a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(i), (B)(i).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Special Agent Daniel Richichi
Homeland Security Investigations

Sworn and Attested to me by Applicant
by Telephone (Facetime) pursuant to
Fed. R. Crim. P. 4(d) and 4.1
this __2nd__ day of September 2021.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 21-MJ-08341-WM

### BOND RECOMMENDATION

DEFENDANT: EDDIE CARROLL

Pre-Trial Detention

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:  A. Marie Villafana

Last Known Address: _____

What Facility: _____

Agent(s):  SA Daniel Richichi
(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (OTHER)
HSI/ICE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: __EDDIE CARROLL__

Case No.: __21-MJ-08341-WM__

Count 1:

__8 U.S.C. § 1324(a)(1)(A)(i), (B)(i)__

__Attempted alien smuggling__

*Max. Penalty: __10 Years' Imprisonment; 3 Years' Supervised Release; $250,000 Fine__
__$100 special assessment__

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.